UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM D. SMITH

                              Plaintiff,

v.

PAUL EVANS – SUPERINTENDENT OF
ERIE COUNTY CORRECTIONS; ALFONSO
HARRIS – CHIEF IN THE SHERIFF'S OFFICE;
ERIE COUNTY NURSE ADMINISTRATOR;
and SERGEANT DEANN LATES

                              Defendants.
_____

1:21-CV-00188 LJV (MJR)

DECISION AND
ORDER

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Lawrence J. Vilardo, for the supervision of discovery and the handling of all pretrial motions. (Dkt. No. 29) Before the Court is defendants' motion for a more definite statement. (Dkt. Nos. 24-26) For the following reasons, defendants' motion is granted, to the extent explained below.

## FACTS AND BACKGROUND

The *pro se* plaintiff, William Smith, a former pretrial detainee at the Erie County Correctional Facility in Alden, New York, filed an initial complaint on February 1, 2021 against Paul Evans, Superintendent of Erie County Corrections; Erie County Sheriff Timothy Howard; Chief of Grievance Alfonso Harris; an unnamed Erie County Correctional Facility Nurse Administrator; and Erie County Executive Mark Poloncarz. (Dkt. No. 1) The complaint alleged that defendants violated Section 1983 of Title 42 of

the United States Code, the Fourteenth Amendment, and the Americans with Disabilities Act ("ADA"), during plaintiff's pretrial detention at the Erie County Correctional Facility.[1] (*Id.* at pg. 5) Specifically, Smith alleged he has used hearing aids for years and that while incarcerated at the Fulton County Jail in Atlanta Georgia, he sent his hearing aids "out to be repaired." (*Id.* at pg. 10) He alleged that before the hearing aids were returned to him, he was extradited to Buffalo. (*Id.*) Smith claims that despite medical records showing that he is hearing impaired and in need of hearing aids, he was repeatedly denied hearing aids by an Erie County Correctional Facility's nurse administrator and the jail's medical department. (*Id.* at pg. 5) He stated that the denial of hearing aids made it difficult for him to understand officers, staff, and other inmates. (*Id.* at pg. 8) Smith also alleged that he "won a federal lawsuit against [Erie Correctional and Erie County Holding Center] for this same issue" in 2008, Case No. 08-CV-485, and that the settlement of that lawsuit required Erie Correctional to "change [its] policy and procedures on how [it] deal[s] with deaf and hard of hearing inmates." (*Id.*) Smith alleged that he repeatedly grieved the denial of his request for hearing aids and that he wrote a letter to Superintendent Harris asking that hearing aids be provided to him as a reasonable accommodation under the ADA. (*Id.* at pgs. 5, 8-12) However, all of his requests were denied. (*Id.*)

Judge Vilardo screened the complaint pursuant 28 U.S.C. §§ 1915(E)(2)(B) and 1915A(a). (Dkt. No. 7) To that end, Judge Vilardo allowed plaintiff to proceed with respect to his ADA claims as well as his Fourteenth Amendment deliberate indifference (Section

---

[1] On February 5, 2021, the Clerk of the Court administratively terminated plaintiff's action because he did not pay the filing fee or submit a completed application to proceed *in forma pauperis*. (*Id.*) On February 19, 2021, Plaintiff filed a motion to proceed *in forma pauperis*. (Dkt. No. 5) The motion was granted on June 3, 2021 and plaintiff's claim was reinstated. (Dkt. No. 7)

1983) claims against Evans, Harris, and the unnamed Nurse Administrator.[2] (*Id.*) Judge Vilardo dismissed plaintiff's claims against Howard and Poloncarz because the complaint contained no factual allegations of their involvement in the alleged ADA or constitutional violations. (*Id.*) Smith was given 60 days to file an amended complaint and was instructed that "any amended complaint must include allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action." (*Id.*)

On July 20, 2021, Smith filed an amended complaint against Evans, Harris, Sergeant Deanna Lates and the unnamed Nurse Administrator.[3] (Dkt. No. 15) Smith's amended complaint consists of a Western District of New York form entitled "Complaint for Violation of Civil Rights (Prisoner Complaint)." (Dkt. No. 15) Section IV of the form complaint is entitled "Statement of Claim" and instructs plaintiff to "state as briefly as possible the facts of [his] case." (*Id.* at pg. 4) Smith does not include a narrative description of his claim in Section IV of the amended complaint. (*Id.*) Instead, he refers to "Exhibits A, B, C, D, E, F, G, H." (*Id.*) Smith then attaches 46 pages of exhibits that include numerous grievances and letters by Smith regarding the denial of his repeated requests for hearing aids, as well as various responses from the New York State Department of Corrections and the Erie County Sheriff's Office. (*Id.* at pgs. 13-59) The grievances and other attached documents also reflect Smith's allegations that his hearing aids were sent

---

[2] Judge Vilardo also instructed the Erie County Sheriff's Office to ascertain the full name of unnamed Nurse Administrator and to provide an address where this defendant could be reached. (Dkt. No. 7)

[3] The unnamed Nurse Administrator was later identified as Sharade Aldinger. (Dkt. No. 15) Evans, Harris, Aldinger and Lates have all appeared in the case and are all represented by the Erie County Attorney. (Dkt. No. 23) Plaintiff has abandoned his claims against Howard and Poloncarz.

3

for repair when he was in Georgia but never returned to him, and that he was regularly denied hearing aids after being extradited to Buffalo, despite documentation showing that he has profound hearing loss and that hearing aids are medically necessary. (*Id.*) The attached exhibits also refer to plaintiff's lawsuit regarding this same issue in 2008 and his letter to Evans requesting a reasonable accommodation under the ADA. (*Id.* at pgs. 20, 44) In some of the attached grievances, Smith also complains that the TTY phone in the facility is often not in service.[4] (*Id.* at pgs. 27-28, 31-40) Smith explains that because of his hearing impairment, he is unable to communicate using the regular facility phone. (*Id.*) The grievances indicate that the TTY phone frequently does not work, even though Smith has made numerous requests that the device be fixed. (*Id.*)

Judge Vilardo screened plaintiff's amended complaint on November 8, 2021. (Dkt. No. 18) Judge Vilardo determined that, at this initial stage, plaintiff may proceed with his claims that Evans, Harris, Aldinger, and Lates violated the ADA by denying him hearing aids and a working TTY phone. (*Id.*) Judge Vilardo also found that, at this early stage of the proceeding, plaintiff stated viable deliberate indifference claims against Evans, Harris, Aldinger, and Lates. (*Id.*)

On January 14, 2022, defendants made the instant motion for a more definite statement. (Dkt. Nos. 24-26) Defendants claim that it is not possible for them to "admit or deny exhibits lettered 'A' – 'H,' and, hence, a more definite (narrative) statement of Plaintiff's claims...prefer-ably in numbered paragraphs...is required." (Dkt. No. 25)

---

[4] A TTY (teletypewriter) is a device that helps people who are deaf, speech-impaired, or hard-of-hearing use a phone to communicate.

4

## **DISCUSSION**

According to Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e). *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). "Motions pursuant to Rule 12(e) are disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (internal quotation marks and citations omitted).

Here, the complaint is not so excessively vague and ambiguous as to be unintelligible. The amended complaint, read together with its exhibits, makes clear that plaintiff alleges that defendants violated Section 1983 and the ADA when they repeatedly refused to provide him with medically-necessary hearing aids and other disability accommodations related to his hearing impairment during his pretrial detention. The amended complaint lists the individuals involved in the alleged violations; describes the nature of the alleged unconstitutional or unlawful acts; explains plaintiff's attempts to utilize the jail's grievance procedures; and gives the approximate time frame of the events. Thus, the Court finds that defendants are capable of understanding the claims set forth in the amended complaint and that no additional information regarding plaintiff's claims is needed in order for defendants to file an answer or otherwise move against the

5

pleading. Indeed, Rule 12(e) is not a substitute for discovery procedures that are meant to uncover the factual basis of the pleadings, Zuppe v. Elite Recovery Servs., Inc., 3:05-CV-857, 2006 U.S. Dist. LEXIS 432 (D. Conn. Jan. 5, 2006), nor should it be used "simply to ascertain a plaintiff's legal theories." Bryson v. Bank of New York, 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984).

However, the Court does agree with defendants that the format of the amended complaint makes it difficult for defendants to effectively submit an answer to plaintiff's allegations. The Federal Rules of Civil Procedure instruct that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P. 8(a)(2), and that a party should "state [his or her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). Here, there is no single narrative portion of the amended complaint which provides a short and plain statement of plaintiff's claims in numbered paragraphs. Instead, the factual basis of plaintiff's claims is contained within the numerous grievances, forms, letters, and other documents attached as exhibits to the complaint.[5] This format would presumably make it difficult for defendants to either "admit or deny the allegations asserted against them" by plaintiff, see Fed. R. Civ. P. 8(b)(1)(B), and an attempt to file such an answer in this format may result in confusion for the Court and/or the litigants.

Thus, plaintiff is instructed to file a second amended complaint which contains a short and plain narrative of his ADA and Section 1983 claims against defendants,

---

[5] To the extent that plaintiff's initial complaint contained a narrative describing the factual basis of his allegations, the amended complaint "supersedes and replaces the original complaint in its entirety." See Hancock v. Cnty. of Rensselaer, 882 F.3d 58, 63 (2d Cir. 2018) ("[I]t is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect.").

6

preferably in separately numbered paragraphs. See *McTerrell v. C. Koenigsmann, et al.*, 15-A-2874, 2020 WL 956536 (W.D.N.Y. Feb. 27, 2020) ("The pleading resulting from the grant of a motion for a more definite statement must be in pleading form, that is a short and plain statement of claims, Fed. R. Civ. P. 8(a)(2), in separate numbered paragraphs, Fed. R. Civ. P. 10(b), giving defendant sufficient notice of plaintiff's claims against it."). The narrative should briefly state the facts of the case; describe how each defendant was personally involved in the wrongful action or actions; and provide the approximate dates and locations of all relevant events.

To be clear, plaintiff is not required to provide any more information as to his allegations against defendants than what was contained in the amended complaint. Instead, he should merely restate those same allegations in short, numbered paragraphs as just described.[6] Importantly, the second amended complaint should contain any and all information that plaintiff seeks to incorporate from his initial complaint and first amended complaint, since the second amended complaint will supersede all prior complaints in this matter. Defendants are reminded that plaintiff is proceeding *pro se*, and that Judge Vilardo has already determined, at this early stage in the proceeding, that plaintiff has set forth sufficient facts to proceed on his ADA and Section 1983 claims based on defendants' alleged failure to provide hearing aids and repair the TTY phone. (Dkt. No. 18) Thus, should plaintiff make a reasonable and good faith effort to comply with this order, defendants should undertake all necessary and reasonable steps to submit an answer or other responsive pleading, in order to avoid any further delay.

---

[6] Plaintiff is still permitted to attach exhibits, including the relevant grievances and denials, to the second amended complaint, in addition to providing the narrative statement of his claims.

## CONCLUSION

For the foregoing reasons, defendants' motion for a more definite statement is granted to the extent described herein. Plaintiff is instructed to file a second amended complaint on or before October 31, 2022.

**SO ORDERED.**

Dated:    August 25, 2022
              Buffalo, New York

*[signature]*
MICHAEL J. ROEMER
United States Magistrate Judge