UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

WILLIAM D. SMITH,

    Plaintiff,

  v.              21-CV-188-LJV-MJR
                  DECISION & ORDER
PAUL EVANS, *et al.*,

    Defendants.

———————————————————————

On February 1, 2021, the *pro se* plaintiff, William D. Smith, commenced this

action under 42 U.S.C. § 1983 and the Americans with Disability Act ("ADA"), 42 U.S.C.

§ 12112, *et seq.*  Docket Item 1.  He asserts claims arising from his confinement at the

Erie County Correctional Facility ("Erie Correctional") and alleges that the defendants—

Paul Evans, Superintendent of Erie Correctional; Alfonso Harris, Chief of the Erie

County Sheriff's Office; Nurse Sharade Aldinger; and Sergeant Deanna Lates—denied

him accommodations related to his hearing loss.  *Id.*; Docket Item 15; Docket Item 34.

On June 3, 2021, this Court screened Smith's complaint under 28 U.S.C. §§

1915(e)(2)(B) and 1915A and found that some of his claims could proceed but that

others were subject to dismissal.  Docket Item 7.  With the Court's leave, *id.*, on July 20,

2021, Smith amended his complaint, Docket Item 15.  The Court then screened the first

amended complaint, dismissed some of Smith's claims, and allowed others to proceed

to service.[1]  Docket Item 18.

———————————————

[1] The first amended complaint did not name Aldinger, but she later was identified
by the Erie County Executive's Office.  *See* Docket Item 20.

On January 14, 2022, the defendants moved for a more definite statement of

Smith's claims.  Docket Items 24-26.  A few weeks later, the case was referred to

United States Magistrate Judge Michael J. Roemer for proceedings under 28 U.S.C. §

636(b)(1)(A).  Docket Item 29.  On August 26, 2022, Judge Roemer granted the

defendants' motion in part, Docket Item 32, and on November 21, 2022, Smith filed a

second amended complaint, Docket Item 34, in response to Judge Roemer's order.

On December 21, 2022, Evans and Lates moved to dismiss the claims against

them.  Docket Items 36-38.  Smith did not respond to that motion, so on March 29,

2023, this Court ordered him to show cause why the Court should not decide the motion

to dismiss based only on the defendants' papers.  Docket Item 42.  But Smith still did

not respond, and the time to do so has passed.  *See id.*  The Court therefore decides

the motion based on the papers now before it.

For the reasons that follow, Evans's and Lates's motion to dismiss is denied.

## BACKGROUND[2]

### I.    FACTUAL ALLEGATIONS

Smith is hearing impaired and "has used hearing aids for years."  Docket Item 34

at 1-2.  Without hearing aids, he finds it "difficult . . . to understand officers, staff, and

other inmates."  *Id.* at 2.

---

[2] In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),
the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences
in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*,
843 F.3d 561, 566 (2d Cir. 2016).

Williams attached several documents to the first amended complaint, *see* Docket
Item 15 at 12-59, but not to the second amended complaint, *see* Docket Item 34.
Nevertheless, the Court considers those documents both because they are integral to

While Smith was "incarcerated at the Fulton County Jail in Atlanta[,] Georgia, he sent his hearing aids out to be repaired." *Id.* "[B]efore the hearing aids were returned to him, [Smith] was extradited" to New York and housed at Erie Correctional. *Id.* Although medical records showed that Smith "is hearing impaired and in need of hearing aids, he was repeatedly denied hearing aids by" Nurse Aldinger and the Erie Correctional medical department. *Id.*; *see, e.g.*, Docket Item 15 at 51 (December 2020 sick call request).

Smith "repeatedly grieved the denial of his request for hearing aids," but "all of his request[s] were denied." Docket Item 34 at 2; *see, e.g.*, Docket Item 15 at 20-23 (grievances and responses to grievances). Smith's requests for hearing aids included letters to both Chief Harris, *see* Docket Item 34 at 2; *see also* Docket Item 15 at 21, 23, and Superintendent Evans, *see* Docket Item 15 at 44.

Smith also filed grievances complaining "that the TTY [teletypewriter] phone in [Erie Correctional] often [was] not in service." Docket Item 34 at 2, *see* Docket Item 15 at 26, 31-36, 40. "[B]ecause of his hearing impairment, [Smith] was not able to communicate using the regular facility phone." Docket Item 34 at 3. Harris and Sergeant Lates denied most of those grievances. *See* Docket Item 15 at 28, 37, 40.

Finally, Smith's grievances "also advised [the Erie Correctional] administration" that he had "won a federal lawsuit" against Erie Correctional and the Erie County Holding Center relating to the "same issue[s]." Docket Item 34 at 2; *see* Docket Item 15

---

the second amended complaint and because they are incorporated by reference. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (in deciding a motion to dismiss, a court may consider any written documents that are attached to the complaint, incorporated by reference, or integral to it).

at 20; *Smith v. Erie Cnty. Holding Ctr.*, Case No. 8-cv-485, Docket Item 179 (W.D.N.Y. Feb. 14, 2018).  The settlement in that case "required Erie [] Correctional to change its policy and procedures on how it deals with deaf and hard of hearing inmates."  Docket Item 34 at 2; *see* Docket Item 15 at 20.

## II.    THE MOTION FOR A MORE DEFINITE STATEMENT

After they were served, the defendants moved under Federal Rule of Civil Procedure 12(e) for a more definite statement of Smith's claims.  Docket Items 24-26. They argued that the first amended complaint (1) did not comply with Federal Rule of Civil Procedure 8(a)(2) because it did not include a "short and plain statement of the claim" and "d[id] no more than refer the [d]efendants to a number of exhibits"; and (2) did not comply with Federal Rule of Civil Procedure 10(b) because it did not set forth Smith's claims "in numbered paragraphs."  Docket Item 26 at 2-3.  Due to those shortcomings, they said, they could not "reasonably prepare a response."  *Id.* at 3-4.

Judge Roemer granted the defendants' motion in part, but he specifically noted that the first amended complaint was deficient only in its format.  Docket Item 32 at 6 ("[T]he format of the [first] amended complaint makes it difficult for [the] defendants to effectively submit an answer . . . .").  Substantively, he found that the defendants "are capable of understanding the claims set forth in the [first] amended complaint," which "list[ed] the individuals involved in the alleged violations; describe[d] the nature of the alleged unconstitutional or unlawful acts; . . . and g[ave] the approximate time frame of the events."  *Id.* at 5-6; *see id.* at 5 (noting that Rule 12(e) motions are "disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible," and finding that the first amended complaint was not unintelligible).

In fact, Judge Roemer said, "no additional information regarding [Smith's] claims is needed in order for [the] defendants to file an answer or otherwise move against the pleading." *Id.* at 5-6; *see id.* at 7 ("[Smith] is not required to provide any more information as to his allegations . . . than what was contained in the [first] amended complaint.").

Nevertheless, Judge Roemer ordered Smith to file a second amended complaint containing "a short and plain narrative of his . . . claims against [the] defendants, preferably in separately numbered paragraphs." *Id.* at 6-7.  He also told Smith that "the second amended complaint should contain any and all information that [Smith] seeks to incorporate from his [first two complaints], since the second amended complaint will supersede all prior complaints." *Id.* at 7.

Finally, Judge Roemer "reminded" the defendants that Smith "is proceeding *pro se*, and that [this Court] has already determined, at this early stage in the proceeding, that [Smith] has set forth sufficient facts to proceed on his . . . claims." *Id.* (citing Docket Item 18).  He concluded: "should [Smith] make a reasonable and good faith effort to comply with this order, [the] defendants should undertake all necessary and reasonable steps to submit an answer or other responsive pleading, in order to avoid further delay." *Id.*

Smith then filed a second amended complaint responding to Judge Roemer's order.  Docket Item 34.  Consistent with Judge Roemer's instruction to provide a "short and plain narrative," *see* Docket Item 32 at 6-7, the second amended complaint is significantly shorter than the first amended complaint, *see* Docket Item 15; Docket Item 34.  But it sets forth the same claims—that the defendants violated Smith's rights by

denying him hearing aids and access to a working TTY phone—and it names the same

defendants.  Docket Item 34.  It also does not explicitly plead Evans's and Lates's

involvement in the denial of those accommodations.  *Id.*

## LEGAL PRINCIPLES

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

Evans and Lates note that Smith's second amended complaint does not include

factual allegations about them, and they argue that it therefore fails to state a claim

against them.  Docket Item 38.  More specifically, they contend that the second

amended complaint renders Smith's first two complaints "of no effect whatsoever" and

that the factual allegations in the second amended complaint therefore "stand or fall on

their own."  *Id.* at 3.  Because the second amended complaint "makes no mention" of

Evans or Lates "[o]ther than in the caption," they say, Smith has not stated a claim

against them.  *Id.* at 2-4.

Evans and Lates are technically correct: an amended complaint "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). It also is true that there are no factual allegations against Evans and Lates within the four corners of the second amended complaint. *See* Docket Item 34. But that does not end the inquiry because Smith is proceeding *pro se* and because he certainly "ma[d]e a reasonable and good faith effort to comply," as Judge Roemer requested. *See* Docket Item 32 at 7. And given the leniency afforded to *pro se* pleadings, the second amended complaint contains factual allegations against Evans and Lates.

First, a complaint "include[s] any . . . materials incorporated in it by reference and documents that . . . are integral to the complaint." *Sira*, 380 F.3d at 67 (internal citations and quotation marks omitted). Smith's second amended complaint refers to the documents attached to his first amended complaint, *see* Docket Item 34 at 2 (referring to Smith's grievances and the defendants' denials of those grievances), and those documents are integral to his claims. Indeed, the grievances and other records attached to the first amended complaint and referred to in the second chronicle Smith's attempts to obtain reasonable accommodations. *See* Docket Item 15 at 12-59. The Court therefore considers those documents, including Smith's grievances directed to Lates, *id.* at 17, 19; a memorandum from Lates to Smith, *id.* at 28; and Smith's letter to Evans, *id.* at 44. And those documents certainly plead Evans's and Lates's involvement in the deprivations alleged in the second amended complaint.

Moreover, "[a] *pro se* plaintiff's submissions are held to less stringent standards than formal pleadings drafted by lawyers" and must be read "liberally" and "interpret[ed]

[] to raise the strongest arguments that they suggest." *See Vargas-Crispin v. Zenk*, 376

F. Supp. 2d 301, 303 (E.D.N.Y. 2005) (citations and internal quotation marks omitted).

Judge Roemer found that the first amended complaint contained sufficient factual

allegations "at this early stage in the proceeding," and he instructed Smith simply to

tighten up his pleading.  Docket Item 32 at 6-7.  Evans and Lates now seek to take

advantage of Smith's unfamiliarity with the law—suggesting that when he tightened

things up, he pleaded himself out of what he had previously pleaded against them that

was found sufficient by Judge Roemer.[3]  This Court declines to accept that suggestion

and the unjust result that it would lead to.

This Court therefore rejects the contention that the second amended complaint

contains no "substantive allegations" against Evans and Lates, *see* Docket Item 38 at 3-

4, because the documents it refers to and incorporates include such allegations.

Likewise, it rejects the argument that the second amended complaint failed to comply

with Judge Roemer's order by omitting allegations against Evans and Lates.  *See id.* at

4-5.  Again, by referring to and incorporating the documents attached to the first

amended complaint, the second amended complaint includes allegations against the

moving defendants.

In sum, Smith made "a reasonable and good faith effort to comply" with Judge

Roemer's order.  *See* Docket Item 32 at 7.  His efforts to format his allegations to

facilitate the defendants' answer should not lead to the dismissal of his claims against

---

[3] It is indeed possible that having been instructed to provide a "short and plain" statement of his claim, Smith did not include the documents attached to his first amended complaint or refer to defendants referenced in those documents *because* he believed that including them would violate Judge Roemer's order.

Evans and Lates, especially because the second amended complaint incorporates Smith's communications with those defendants and because Smith is proceeding *pro se*.

Evans's and Lates's motion to dismiss therefore is denied.

## CONCLUSION

For the reasons stated above, Evans's and Lates's motion to dismiss, Docket Item 36, is DENIED.  Evans and Lates shall answer or otherwise respond to the second amended complaint within 30 days of the date of this order.  The case is referred back to Judge Roemer for further proceedings consistent with the referral order of February 9, 2022, Docket Item 29.


SO ORDERED.

Dated:   August 14, 2023
         Buffalo, New York


*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE