UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM D. SMITH,

        Plaintiff,

v.

PAUL EVANS, *et al.*,

        Defendants.

21-CV-188-LJV-MJR

DECISION AND ORDER

---

This case has been referred to the undersigned by the Honorable Lawrence J. Vilardo for the handling of all pre-trial matters. (Dkt. No. 29) Before the Court is defendants' motion to compel discovery and request for an award of sanctions. (Dkt. No. 59) For the following reasons, defendants' motion to compel discovery is granted and defendants' request for sanctions is denied without prejudice.

## **BACKGROUND**

Plaintiff William Smith, proceeding *pro se*, commenced this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.* (Dkt. Nos. 1, 15, 34) Smith alleges that during the time he was confined at the Erie County Correctional Facility, defendants Paul Evans, Alfonso Harris, Sharade Aldinger, and Deanna Lates denied him accommodations related to his hearing loss.[1] (*Id.*) Defendants Aldinger and Harris filed answers to the second amended complaint. (Dkt. Nos. 39, 40) Defendants Evans and Lates moved to dismiss the second amended complaint. (Dkt. No. 36) The

---

[1] Plaintiff was a prisoner confined at the Erie County Correctional Facility at the time he commenced this lawsuit. (Dkt. No. 1) He was granted *in forma pauperis* status on June 3, 2021. (Dkt. No. 7) On February 16, 2022, plaintiff filed a Notice of Change of Address with the Court, indicating that he is no longer incarcerated dand that he resides at 179 Freund Street, Buffalo, New York, 14215. (Dkt. No. 31)

District Court denied the motions to dismiss on August 14, 2023 (Dkt. No. 43), and defendants Evans and Lates filed answers on September 11, 2023 (Dkt. Nos. 45, 46). This Court issued a case management order on September 13, 2023, which has been amended three times since that date upon request of defendants. (Dkt. Nos. 48, 50, 51, 53, 55, 56, 58)

The third amended case management order required the exchange of mandatory initial disclosures, pursuant to Rule 26 of the Federal Rules of Civil Procedure, by September 20, 2024. (Dkt. No. 58) Defendants served their initial disclosures on plaintiff on May 14, 2024. (Dkt. No. 59-1, ¶ 10; Exh. A) To date, plaintiff has not provided defendants with his Rule 26(a) initial disclosures. (*Id.* at ¶ 11)

On September 11, 2024, defendants served plaintiff with a First Set of Interrogatories and a Notice to Produce. (Dkt. No. 59-1, ¶ 10; Exh. B) That same day, defendants also served plaintiff with a Notice of Deposition, instructing plaintiff that his deposition was to take place at the Erie County Attorney's Office on November 13, 2024 at 10:00 a.m.[2] (*Id.*) Plaintiff has not responded to defendants' First Set of Interrogatories or Notice to Produce, nor has he contacted defense counsel to request an extension of time to do so. (Dkt. No. 59-1, ¶¶ 14, 15) Further, plaintiff did not appear for his scheduled deposition nor did he contact defense counsel prior to the scheduled deposition date to indicate that he was unavailable. (*Id.* at ¶¶ 16, 18) Plaintiff has not contacted defense counsel since the date of his nonappearance at the deposition. (*Id.* at ¶ 19)

---

[2] The First Set of Interrogatories, the Notice to Produce, and the Notice of Deposition were mailed to plaintiff at 179 Fruend Street, the address on file with the Court. (Dkt. No. 59-3) The documents were not returned as undeliverable. (Dkt. No. 59-1, ¶ 13) The enclosure letter for the Notice of Deposition indicated that in the event plaintiff was unable to attend the deposition on the date scheduled, he should notify defense counsel immediately. (Dkt. No. 59-3, pg. 2)

2

Defendants ask that the Court compel plaintiff to provide Rule 26(a) initial disclosures and responses to defendants' First Set of Interrogatories and Notice to Produce. (Dkt. No. 59-1, ¶ 22) Defendants also ask that the Court require plaintiff to appear for a deposition by a date certain. (*Id.*) Lastly, defendants request an award of their costs incurred in making the instant motion to compel, and also request an award of sanctions in the amount of $250.00, to cover the cost of the deposition at which plaintiff failed to appear. (*Id.*) The Court issued a scheduling order seeking a response from plaintiff to the motion to compel by December 23, 2024. To date, plaintiff has not responded to the motion to compel.

## DISCUSSION

### *Motion to Compel*

According to the Federal Rules of Civil Procedure, parties to a lawsuit "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" *See* Fed. R. Civ. P. 26(b)(1). Information need not be admissible at trial in order to be discoverable. *Id.* Courts have wide discretion to manage discovery. *Smith v. Haag*, 08-CV-6360, 2009 U.S. Dist. LEXIS 86697, at *8 (W.D.N.Y. Sept. 22, 2009); *accord In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). "[P]ro se litigants, like those represented by attorneys, are equally obligated to comply with discovery requirements under the Federal Rules of Civil Procedure." *Swinton v. Livingston Cnty.*, 15-CV-53, 2016 U.S. Dist. LEXIS 148370 (W.D.N.Y. Oct. 26, 2016); *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). *See e.g., Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) ("[W]hile *pro se* litigants are entitled to some leeway in complying with the Federal Rules of Civil

3

Procedure, that tolerance "does not extend to unexcused failures to comply with routine discovery requests.").

Pursuant to Federal Rule of Civil Procedure 26, parties to a lawsuit are required to provide certain initial information to the opposing party. *See* Fed. R. Civ. P. 26(a)(1). In addition, a party may serve on any other party 25 written interrogatories, relating to any matter that may be inquired into pursuant to Rule 26(b). *See* Fed. R. Civ. P. 33(a). Each interrogatory must be separately answered, by the party to whom it is directed, fully in writing and under oath. *See* Fed. R. Civ. P. 33(b). Pursuant to Federal Rule of Civil Procedure 34, a party may serve on any other party a request to produce documents and/or electronically stored information, relating to any matter that may be inquired into pursuant to Rule 26(b). *See* Fed. R. Civ. P. 34(a). A party to a lawsuit may also, by oral questions, depose any person, including any other party to the lawsuit, without leave of the court. *See* Fed. R. Civ. P. 30(a)(1).

Here, plaintiff has failed to provide defendants with initial disclosures pursuant to Rule 26 and has failed to respond to defendants' interrogatories and requests to produce. Plaintiff has not requested extensions of time to respond nor has he asserted any objections to defendants' discovery requests. Plaintiff has also failed to appear for his scheduled deposition. He has not contacted defense counsel to explain why he failed to attend nor has he attempted to reschedule the deposition. Plaintiff also has not filed a response to defendants' motion to compel as directed by the Court.

Defendants' motion to compel discovery as well as the taking of plaintiff's deposition is granted. On or before May 19, 2025, plaintiff is ordered to provide defendants with (1) his initial disclosures, pursuant to Rule 26 of the Federal Rules of Civil

4

Procedure; (2) a response to defendants' First Set of Interrogatories; and (3) a response to defendants' Notice to Produce. Plaintiff is also ordered to appear for and submit to a deposition at a date and time chosen by defendants on or before May 30, 2025. The Court warns plaintiff that a failure to comply with this Order may result in the imposition of certain sanctions, including the potential dismissal of the lawsuit. The Court further warns plaintiff that should he fail to appear for his deposition as noticed, in accordance with this Order and the Federal Rules of Civil Procedure, he may be held in contempt of Court and/or his lawsuit may be dismissed.

### Request for Costs and Fees

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A). A court must not order such payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure or nonresponse was substantially justified; or (iii) other circumstances make an award of expenses unjust. *Id*. Indeed, an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of the three exceptions applies. *Wager v. G4S Secure Integration, LLC*, 19-CV-03547, 2021 U.S. Dist. LEXIS 16448, at *10 (S.D.N.Y. Jan 28, 2021) (citation omitted).

Defendants maintain that they "made good faith attempts to resolve this issue short of making the instant motion to compel." (Dkt. No. 59-1, ¶ 21) But no information is provided as to what good faith attempts were actually made by defendants. There is no indication in the motion to compel, or elsewhere in the record, that defense counsel

5

attempted to contact plaintiff regarding his outstanding initial disclosures or discovery responses, prior to filing the instant motion with the Court. There is also no evidence in the record that defense counsel attempted to contact plaintiff after he failed to appear for his scheduled deposition. Without sufficient proof that defendants made good faith efforts to obtain the discovery sought without court intervention before filing the instant motion, the Court declines to award the sanctions requested here. *See Trilegiant Corp. v. Sitel Corp.*, 09 Civ. 6492, 2012 U.S. Dist. LEXIS 72644 (S.D.N.Y. May 22, 2012) (denying motion for sanctions where movant did not meet and confer in good faith with opposing party prior to filing a motion to compel discovery, and noting that Rule 37(a)(1) "unambiguously requires attempts at informal dispute resolution before a motion is filed."); *Valentin v. City of Rochester*, 11-CV-6238, 2014 U.S. Dist. LEXIS 136891 (W.D.N.Y. Sept. 26, 2014) (denying plaintiff's "request for monetary sanctions because...he ha[d] not demonstrated that he attempted to resolve the discovery dispute with defendants prior to the filing the pendent motions.").

In addition, the imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record, including a litigant's *pro se* status and ability to pay a monetary sanction. *Alliance Indus. v. Longyear Holding, Inc.*, 08-CV-490, 2010 U.S. Dist. LEXIS 108544, at *11 (W.D.N.Y. Oct. 12, 2010) (citation omitted). *See e.g., Ottoson v. SMBC Leasing & Fin., Inc.*, 13-CV-1521, 2021 U.S. Dist. LEXIS 41711, at *9-11 (S.D.N.Y. Mar. 5, 2021) (finding it necessary to consider plaintiff's *pro se* and indigent status in evaluating whether a fee award under Rule 37(a)(5) would be unjust); *Smith v. Fischer*, 13-CV-6127, 2019 U.S. Dist. LEXIS 168755, at *5-6 (W.D.N.Y. Sept. 30, 2019) (declining to award attorney's fees to movant upon successful

motion to compel because monetary award would place undue burden on plaintiff, who was proceeding *pro se* and *in forma pauperis*). Taking into consideration all of the facts here, including plaintiff's *pro se* and *in forma pauperis* status, the Court finds that an award of costs and fees would be unjust at this time. Should plaintiff continue to fail to comply with his discovery obligations following entry of this Order, the issue of sanctions, including either monetary sanctions or dismissal of the lawsuit, may be revisited.

## CONCLUSION

For the foregoing reasons, defendants' motion to compel is granted and defendants' request for monetary sanctions is denied without prejudice. (Dkt. No. 59)

**On or before May 19, 2025, plaintiff is ordered to provide defendants with (1) his initial disclosures, pursuant to Rule 26 of the Federal Rules of Civil Procedure; (2) a response to defendants' First Set of Interrogatories; and (3) a response to defendants' Notice to Produce. Plaintiff is also ordered to appear for and submit to a deposition at a date and time chosen by defendants, on or before May 30, 2025. The Court warns plaintiff that a failure to comply with this Order may result in the imposition of sanctions, including the potential dismissal of his lawsuit. The Court further warns plaintiff should he fail to appear for his deposition as noticed, in accordance with this Order and the Federal Rules of Civil Procedure, he may be held in contempt of Court and/or his lawsuit may be dismissed. On or before May 30, 2025, defendants shall file an update as to the status of discovery, and a revised case management order may be entered at that time.**

7

SO ORDERED.

Dated: April 11, 2025
Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge

SO ORDERED.

Dated: April 11, 2025
Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge